JACOB S. BRILLHART, Plaintiff in Error, v. ROBERT McCON-
NELL, Defendant in Error.

ERROR TO STEPHENSON.

A decree for a specific performance will not be enforced where it is alleged that one
of the owners of two tracts of land entered into a written contract to sell the
two tracts for a specific sum, if the authority of one of the vendors was granted
upon a condition which is not proven to have occurred; although a deed may
have been executed, and entrusted to another for delivery. It will be presumed
that the delivery was to depend upon the happening of the condition.

THIS was a bill filed in the Circuit Court of Stephenson county,
by the plaintiff in error against the defendant in error, and one
Joseph A. McConnell, to compel a specific performance of a
certain alleged contract for the sale of lands. The bill sets
forth that the defendant in error and Joseph A. McConnell were
the owners of a quarter section of land each, in said county,
and that the defendant, by his agent, Joseph A. McConnell, and
the said Joseph A. McConnell, entered into a written contract
with the plaintiff to sell him both of said quarter sections for
the sum of $1,000, and that said contract consists of the two
letters written by Joseph A. McConnell, dated May 17, 1853,
and July 2, 1853. The bill further sets forth a tender by the
plaintiff of the purchase money, and a refusal by the defendant
to convey the quarter section belonging to him.

The plaintiff afterwards dismissed his bill as to Joseph A.
McConnell.

The defendant answered, among other things, denying the
execution by him of any written agreement, with the plaintiff,
for the sale of said land, and denying the authority of Joseph
A. McConnell to execute such agreement for him; also averring
that the letters in question were written by Joseph A. McCon-
nell without his knowledge, authority or consent; and also set-
ting up the statute of frauds.

The bill was dismissed in the Circuit Court, and the plaintiff
below sued out this writ of error.

U. D. MEACHAM, for Plaintiff in Error.

J. M. BAILEY, for Defendant in Error.

WALKER, J. This was a bill filed for the specific performance
of a contract. The court below, on the hearing, refused the
relief and dismissed the bill. The first question is, had Joseph
A. McConnell legal authority to sell the land of appellee? If
a sale was made, it was only by Joseph A., as there is no

evidence that appellee and appellant ever negotiated in reference to its sale. It is claimed that the letters written to Dr. Meechener by Joseph, establishes the sale of this land as well as his own. He testifies that it is his impression that his father did not direct him to write these letters, nor did he see them or know their contents. That after the proposition to purchase by appellant was received through Dr. Meechener, he conversed with his father, and he said he would sell if his patent was at Dixon, and they spoke of one thousand dollars as the price, if a sale should be made of the half section. This evidence clearly shows that appellee was willing to sell his quarter if his patent was at the land office. But it does not warrant the inference that he was willing to sell on any other condition. And as five hundred dollars was the price received by Joseph for his quarter, we may infer that appellee was willing to dispose of his at the same price, upon the condition that his patent was at Dixon or Freeport.

He says his father did not direct him to write the letter of May the 17th, 1853. We think that an authority to sell this land by Joseph, cannot be inferred from this evidence. If it may, it was only upon the condition that the patent was at Dixon or Freeport, and it is clear from the evidence that it was not there at the time, nor when Joseph was in Illinois in the following month of August. Then this was a contingency which did not exist, and until it did, Joseph could not bind his father to convey. There is an absence of evidence in this record that appellee ever changed the condition upon which he would sell. This condition having been imposed, it must control, whether reasonable or not, as he had the right to impose that or any other. But it appears that this land had been entered by locating a land warrant which had been transferred, and as there was an informality in its assignment, he may well have been unwilling to sell until it was rectified, and all doubts put at rest by the receipt of the patent. He no doubt was unwilling to sell and warrant the title, whilst it was doubtful whether the entry would be affirmed. We have no hesitation in saying that the offer by Joseph to sell this land was unauthorized, and was consequently not binding upon appellee.

It was, however, insisted that this agreement to sell by Joseph, was subsequently ratified by appellee, when he executed the deed to appellant. There is no evidence in the record showing the purpose for which the deed was made. For aught that appears, it may have been only for the purpose of being delivered upon the contingency that the patent had been received at the land office. And although Joseph offered to deliver it upon the payment of the thousand dollars and his

expenses, he at the same time expressed the doubt whether appellee was bound to convey. The fact that he stated to Dr. Meechener that he was authorized to act for his father, does not prove the fact, nor does it in the slightest degree tend to it. It could only be shown that he was authorized to act as his agent by the acts or declarations of the appellee. Had the deed been delivered to appellant without notice, and this had been an application to set it aside, then a very different question would have been presented. But the deed was not delivered, nor the purchase money or any part of it paid. And appellee, by entrusting the deed to his son, inflicted no injury upon appellant. This record is entirely silent as to any offer, or any act, by appellee after he received his patent, which can be construed into a ratification of the contract.

We are therefore of the opinion that the court below did right in dismissing the bill, and the decree is affirmed.

*Decree affirmed.*